UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PATTI A. McCANN,**

      **Plaintiff,**

                                                Civil Action 2:09-cv-00615
v.                                         Judge James L. Graham
                                         Magistrate Judge E.A. Preston Deavers

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of counsel for Plaintiff's Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 24.) Counsel requests twenty-five percent of past-due benefits pursuant to 42 U.S.C. § 406(b).[1] Counsel has attached his time sheet detailing work performed in this case, as well as the Social Security Administration's Notice of Award of Benefits, to the Motion. Neither the Commissioner of Social Security ("Commissioner") nor Plaintiff have opposed the Motion.[2] The Court, however, must still review whether such a fee is reasonable. *See Cabrera v. Comm'r of Soc. Sec.*, 2011 WL 4360019, at *1 (S.D. Ohio Sept. 19, 2011) ("[E]ven in a case where the government has filed no response to the fee petition, [d]espite the absence of an objection . . . a District Court

---

[1] The Social Security Administration awarded Plaintiff $66,185.00 for the period of January 2003 through July 2011. Contrary to counsel's calculation, twenty-five percent of this figure is $16,546.25, not $16,596.23. The Social Security Administration withheld $16,546.25 from Plaintiff's past due benefits in the event that the Court, or Commissioner, finds this amount of attorney fees were appropriate.

[2] Counsel indicates that he provided Plaintiff with a copy of the Motion and notified Plaintiff of her right to object.

must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination.") (internal quotations omitted).  For the reasons that follow, Counsel's Motion is **DENIED WITHOUT PREJUDICE**.

## I.

Counsel moves for fees pursuant to 42 U.S.C. § 406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  Pursuant to this statute, the Court may only award fees for work done at the district court level.  *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.")  Accordingly, to the extent attorneys seek fees for work performed at the administrative level, they should turn directly to the Commissioner pursuant to 42 U.S.C. § 406(a)(1) to obtain them.  *Horenstein*, 35 F.3d at 262–63.

In evaluating the reasonableness of requested fees, the Court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable.").  When a claimant has entered into a

2

contingency fee agreement entitling counsel to twenty-five percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Id.* at 746. The Court, however, still stands as an "independent check" on the reasonableness of such arrangements. *Gisbrecht*, 535 U.S. at 807.

In assessing the reasonableness of a fee, the Court can consider a variety of factors including the hours spent in representation and "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The Court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award of from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Even in contingency-agreement cases, the Court may calculate hourly rates in considering whether an award results in a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit, however, has expressed dissatisfaction with the use of an across-the-board, strict hourly rate limitation:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

## II.

In this case, without further information, the undersigned cannot find counsel's requested fee reasonable. The time sheets counsel submitted indicate that he spent sixteen hours on work relevant to proceedings before the Court. (*See* ECF No. 24-1.) Counsel requests twenty-five

percent of past due benefits, which in this case is $16,546.25.  Dividing this figure over a sixteen hour span results in an hourly rate of approximately $1034.  Even without reaching an exact figure as to the standard rate for counsel's work in the relevant market, the Court can confidently conclude that the hourly rate counsel seeks well exceeds the floor set in *Hayes*.  Moreover, counsel fails to indicate whether such a fee is the result of a contingency agreement.  In fact, counsel offers no briefing regarding the reasonableness of such a fee.  Accordingly, the undersigned cannot approve counsel's request based on the current information before the Court. *See Tharp v. Comm'r of Soc. Sec.*, No. 1:08–cv–542, 2011 WL 3439193, at *4 (S.D. Ohio May 25, 2011) (holding that "the claimed fee of $25,709.13 for 18.75 hours resulting in a hypothetical fee of $1,371.75 per hour would amount to an unconscionable windfall") (Report and Recommendation later adopted).

Because of the lack of information, counsel's application for fees is **DENIED WITHOUT PREJUDICE**.  Counsel for Plaintiff may either submit a motion for a reduced fee or provide the Court with additional documentation and briefing to justify the fee he currently seeks.  Counsel should include any documentation regarding his fee arrangement, including whether he and his client have entered into a contingency agreement and a statement of his normal hourly billing rate for noncontingent-fee cases, with any renewed motion.

Finally, although the Commissioner does not have a direct financial interest in an award of fees pursuant to 42 U.S.C. § 406(b), the Court admonishes the Commissioner that he still "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6.

### III.

For the foregoing reasons, Plaintiff counsel's Motion for Authorization of Attorney's

Fees Pursuant to 42 U.S.C. § 406(b) is **DENIED WITHOUT PREJUDICE** subject to re-filing. (ECF No. 24.) Counsel for Plaintiff should submit any renewed motion within **TWENTY-ONE (21) DAYS** of this Order. Either Plaintiff or the Commissioner may oppose any renewed motion within **FOURTEEN (14) DAYS** of its filing.[3]

The Clerk is **DIRECTED** to mail a copy of this Opinion and Order to Plaintiff at 1908 Hidden Gate, Columbus, OH 43228.

**IT IS SO ORDERED.**

Date: April 17, 2012                    /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge

---

[3] If necessary, counsel should file his Reply within **SEVEN (7) DAYS** of the filing of any opposition.