UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PATTI A. MCCANN,

    Plaintiff,

v.

    Civil Action 2:09-cv-00615
    Judge James L. Graham
    Magistrate Judge Elizabeth P. Deavers

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Amended Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b).  (ECF No. 26.)  For the reasons that follow it is **RECOMMENDED** that the Court **GRANT** the Motion and authorize Plaintiff's counsel attorney fees in the amount of **$8,000.00**.

### I.

Counsel for Plaintiff brought his original Motion for Attorney's Fees on February 15, 2012.  At that time, counsel requested attorney's fees in the amount of $16,596.23, the full twenty-five percent of past due benefits allowed pursuant to 42 U.S.C. § 406(b).  On April 17, 2012, the Court denied counsel's original Motion without prejudice, finding the amount requested unreasonable in light of the information before the Court.

On May 2, 2012, counsel brought the Amended Motion currently before the Court.  Counsel reduced his requested fees to $8,000.00.  On July 25, 2012, counsel provided supplemental evidence in support of his request.  Specifically, counsel provided the contingency fee agreement he reached with Plaintiff entitling him to twenty-five percent of past-due benefits.

Additionally, counsel attached Ohio State Bar Association materials outlining prevailing market rates for attorneys fees in 2010.  The Commissioner of Social Security ("Commissioner") has offered no response to counsel's Amended Motion

## II.

As detailed in the Court's April 17, 2012 Opinion and Order, 42 U.S.C. § 406(b) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  In evaluating the reasonableness of requested fees, the Court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable.").  When a claimant has entered into a contingency fee agreement entitling counsel to twenty-five percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Id.* at 746.  The Court, however, still stands as an "independent check" on the reasonableness of such arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In assessing the reasonableness of a fee, the Court can consider a variety of factors including the hours spent in representation and "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808.  The Court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746.  Even in contingency-agreement cases,

the Court may calculate hourly rates in considering whether an award results in a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit, however, has expressed dissatisfaction with the use of an across-the-board, strict hourly rate limitation:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

### III.

In this case, in light of the information counsel has provided, the Court finds that counsel's requested fees are reasonable. Counsel requests $8,000 for sixteen hours of work, resulting in an hourly rate of $500.00. Although this rate likely exceeds the "multiplier of 2" floor set in *Hayes*, the Court cannot say, given the contingent nature of Social Security Appeals, that such a fee results in an unjust windfall. Furthermore, Counsel has produced a contingency fee agreement indicating that Plaintiff agreed to pay him twenty-five percent of any past-due benefits awarded. The attorney fees counsel now request is far less than this twenty-five percent figure. Finally, the undersigned notes that the Commissioner has failed to respond or otherwise object to the award of such fees.

**IV.**

For the foregoing reason, it is **RECOMMENDED** that the Court **GRANT** the Amended Motion for Authorization of Attorney's Fees Pursuant to 42 U.S.C. § 406(b) and authorize Plaintiff's counsel attorney fees in the amount of **$8,000.00**.  (ECF No. 26.)

**V.**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:   July 27, 2012 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

5